**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MAURY A. SINGER, | Case No.: 2:18-cv-01357-GMN-NJK |
| Plaintiff(s), | **Report and Recommendation** |
| v. | [Docket Nos. 4, 18, 22] |
| DWIGHT NEVEN, et al., | |
| Defendant(s). | |

Pending before the Court is Defendants' motion to enforce settlement. Docket No. 22. Plaintiff filed a response in opposition. Docket No. 23.[1] Defendants filed a reply. Docket No. 24. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the undersigned **RECOMMENDS** that the motion to enforce settlement be **GRANTED** and that judgment be entered accordingly.[2]

## I.    BACKGROUND

Plaintiff is a prisoner in the custody of the Nevada Department of Corrections. He brings civil rights claims for alleged violations of his Fourteenth Amendment due process and Eighth Amendment cruel and unusual punishment constitutional protections. *See* Docket No. 5 at 7-12

---

[1] As a *pro se* prisoner, the undersigned liberally construes Plaintiff's filings. *E.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

[2] Adoption of this recommendation would render moot Plaintiff's pending *in forma pauperis* applications. *See* Docket Nos. 4, 18. As such, the undersigned also **RECOMMENDS** that these applications be **DENIED** as moot.

(screening order).[3]  In general terms, Plaintiff's claims stem from his plea agreement related to the illicit use in his cell of toothpaste caps as a doorstop and Plaintiff's allegations that prison officials violated the terms of that plea agreement by subjecting him to additional adverse treatment.  *See id.* at 3-7.  Having found that Plaintiff stated a colorable claim for relief, his case was referred to the Court's Inmate Early Mediation Program.  *See id.* at 15.

On August 23, 2019, the parties attended that inmate early mediation, at which time they reached a settlement.  *See* Docket No. 10.  The parties placed the terms of the settlement on the record.  In particular, Plaintiff and Defendants agreed on the record that Plaintiff would dismiss this case with prejudice in exchange for prison staff scheduling a Full Classification Committee meeting to review Plaintiff's eligibility for transfer to Lovelock Correctional Center.  *See* Med. Rec. (8/23/2019) at 12:06 – 12:07 p.m.[4]  The above meeting was agreed to take place after Plaintiff received medical treatment related to his Achilles heel.  *See id.* at 12:06 p.m.

In a status report filed on August 27, 2019, defense counsel indicated that a settlement had not been reached at the inmate early mediation.  *See* Docket No. 11 at 2.  After the Court questioned that filing, counsel clarified that such notation was in error and that a settlement had in fact been reached.  *See* Docket No. 13.

Defense counsel forwarded a draft of a written settlement agreement to Plaintiff for his review and signature.  *See* Docket No. 22-1.  Plaintiff refused to sign that agreement and dismiss the case, however, indicating instead that he would prefer to move forward with the litigation.  *See, e.g.*, Docket No. 17.  Defendants then filed the motion to enforce settlement, which is the matter currently before the Court.

## II.    STANDARDS

Federal courts have inherent authority to enforce settlement agreements in pending cases.  *See, e.g., in re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958 (9th Cir. 1994).  Even when the case involves a federal cause of action, the construction and enforcement of settlement agreements are

---

[3] Plaintiff's claim for alleged First Amendment retaliation did not survive the screening process and was dismissed.  *See* Docket No. 5 at 13-15.

[4] A transcript has not been created, so the undersigned cites to the audio recording.

governed by state law. *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013). Nevada law requires an offer and acceptance, meeting of the minds, and consideration to constitute an enforceable contract. *May v. Anderson*, 121 Nev. 668, 672 (2005). The Court's enforcement power extends to oral agreements, including those placed on the record at court-sponsored mediations. *See, e.g.*, *Helfrich v. Cox*, 2016 WL 7173889, at *4 (D. Nev. Nov. 9, 2016), *adopted*, 2016 WL 7175595 (D. Nev. Dec. 7, 2016) (enforcing settlement reached at inmate early mediation).

When there are disputed issues of fact, the Court is required to hold an evidentiary hearing. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). Nonetheless, there is generally no need for an evidentiary hearing as to the existence or terms of a settlement agreement when the parties placed the essential terms of their agreement on the record in open court. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1139 (9th Cir. 2002); *see also Isham v. Aranas*, 2019 WL 32692312, at *2 (D. Nev. June 10, 2019) (same in context inmate early mediation), *adopted*, 2019 WL 3280987 (D. Nev. July 18, 2019).

## III. ANALYSIS

The application of the above standards to the circumstances of this case is a straightforward endeavor. Plaintiff has declined to sign the written settlement agreement and stipulate to dismissal of this case based primarily on his assertion that there was no binding agreement reached at the inmate early mediation. *See, e.g.*, Resp. at 2. In support of that argument, Plaintiff asserts that he and defense counsel neither "shook hands," nor signed a formal contact. *See, e.g.*, *id.* at 2, 4, 10. As Defendants correctly point out and as the case law above makes clear, neither of those actions is required to have a binding settlement agreement. In this case, the parties agreed to the essential terms to settle this matter and stated those terms on the record. There was an offer, acceptance, meeting of the minds, and consideration. Having placed their oral agreement on the record, there is a binding and enforceable settlement agreement regardless of any dispute as to later terms to include or exclude from a written agreement.[5]

---

[5] Plaintiff expends significant effort complaining about certain aspects of the draft written settlement agreement. *See, e.g.*, Resp. at 11-15. As discussed above, the essential terms of the

1    Plaintiff also indicates that there was not an enforceable settlement agreement created at

2  the inmate early mediation because any agreement was nullified when defense counsel later filed

3  a status report with a typographical error that a settlement had not been reached.  *See* Resp. at 2-3,

4  4, 7; *see also* Docket No. 11 at 2.  The Court disagrees.  Defense counsel promptly clarified that

5  the indication in the status report was a typographical error.  *See* Docket No. 13.  At any rate, the

6  settlement was effective as of the date it was placed on the record and later efforts to change or

7  nullify that agreement would be ineffectual.  *Cf. Johnson v. Ferber*, 2017 U.S. Dist. Lexis 101022,

8  at *5 (D. Nev. June 28, 2017) (concluding that letter sent after acceptance of a settlement

9  agreement did not alter the terms of the already-enforceable settlement), *adopted*, 2017 U.S. Dist.

10 Lexis 114665 (D. Nev. July 21, 2017).  The undersigned fails to discern how an error in a status

11 report could nullify a settlement agreement that was already binding and enforceable before that

12 filing.

13    In short, the parties reached a binding and enforceable settlement agreement at the inmate

14 early mediation, the essential terms of which were placed on the record.  Defendant's motion to

15 enforce settlement should be granted.

16 **III.   CONCLUSION**

17    For the reasons discussed above, the undersigned **RECOMMENDS** that the motion to

18 enforce settlement be **GRANTED**, that the pending applications to proceed *in forma pauperis* be

19 **DENIED** as moot, and that judgment be **ENTERED** accordingly.

20    Dated: January 23, 2020

21    _____

22    Nancy J. Koppe
      United States Magistrate Judge

23

24    **NOTICE**

25    This report and recommendation is submitted to the United States District Judge assigned

26 to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and

27 _____

28 settlement agreement were already placed on the record, so there is a binding and enforceable
   settlement here regardless of any dickering over more tangential issues.

4

recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).